1 | P a g e

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JANE DOE,

    Plaintiff,

v.

THE CITY OF MIAMI GARDENS and JAVIER J. ROMAGUERA, in his individual capacity as an officer with the Miami Gardens Police Department,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JANE DOE ("Ms. Doe"), and sues Defendants, THE CITY OF MIAMI GARDENS and JAVIER J. ROMAGUERA, in his individual capacity as an officer with the Miami Gardens Police Department, and as grounds therefore, alleges as follows:

## INTRODUCTION

1. This is a civil rights action in which Plaintiff seeks relief from the Defendants for violations of her rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C §1983, the Fourth Amendment to the United States Constitution, and the laws of the State of Florida.

## JURISDICITION AND VENUE

2. This action is brought under 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1331 and 28 U.S.C. §§ 1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

3. Supplemental jurisdiction, and joinder of parties for additional state law claims is

1 | P a g e

proper pursuant to 28 U.S.C. §1367(a) because they form part of the same case or controversy. Plaintiff asserts multiple state tort law claims.

4. Venue is properly brought in the Southern District of Florida under 28 U.S.C. § 1391(b) because it is the district in which all of the events or omissions establishing the Plaintiff's claims occurred.

## PARTIES

5. At all times material hereto, Ms. Doe, was and is a resident of Miami-Dade County, Florida.

6. Defendant, The City of Miami Gardens (the "City"), is a municipality duly incorporated and existing under the laws of the State of Florida. The City established and maintains the Miami Gardens Police Department ("MGPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

7. Defendant, Javier J. Romaguera ("Sgt. Romaguera") is or was at all times material hereto, a Sergeant and/or a police officer with MGPD and acting under color of law. He is sued in his individual capacity.

8. In connection with the acts, practices and violations alleged below, the City and Sgt. Romaguera have each, either directly or indirectly violated clearly established constitutional rights, as well as statutory and common law duties owed to Plaintiff.

9. All conditions precedent for the filing of state law claims have been satisfied.

## BACKGROUND AND GENERAL ALLEGATIONS

10. The City was incorporated on May 13, 2003, and MGPD became operational on

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

December 16, 2007, with 159 sworn officers.

### Sgt. Romaguera

11.     Sgt. Romaguera was hired on November 16, 2006, as one of the first officers to be hired by the City.

12.     Since then, Sgt. Romaguera has developed a history of violating MGPD policies and procedures, and yet, not only was he not fired—he was promoted.

13.     For example, on October 25, 2009, Sgt. Romaguera completed a field contact form for an individual named Mr. Sampson, which purportedly documented a physical interaction Sgt. Romaguera had with Mr. Sampson on October 25, 2009. However, on October 25, 2009, Mr. Sampson was detained at the Miami Dade County Jail. Mr. Sampson never had any contact with Officer Romaguera on October 25, 2009.

14.     Major Anthony Chapman, Chief of Police Boyd Johnson, Chief of Police Antonio Brooklen, as well as the City were aware of Sgt. Romaguera's fraudulent and willful misrepresentation well prior to the sexual assault described below, yet took no steps in response to this blatant lie, or even question Sgt. Romaguera about it.

15.     As another example, on May 17, 2010, Sgt. Romaguera was issued a Disciplinary Action Report stemming from MGPD investigation I.A. 2009-056 for being untruthful when he transmitted a "Be on the Look Out" ("BOLO") alert while working off-duty at BrandsMart. After a Complaint Review Board reviewed the case, they advised that Sgt. Romaguera "erred in documenting inaccurate information in your police report and not correcting it prior to final submission."

16.     Then, on February 19, 2015, Captain Ed Wagner informed the chief of police that AUSA Edward Stamm had called his office to inform MGPD that his office had labeled Sgt.

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

Romaguera as a "Giglio Impaired Law Enforcement Officer." *Giglio* is a term often associated with the issue of law enforcement officer credibility in court. AUSA Stamm stated that the United States Attorney for the Southern District of Florida will not take any cases where Sgt. Romaguera is the sole arresting officer, nor will they issue any search warrants where he is the sole affiant.

17. Indeed, on April 13, 2015, MGPD received a letter from the U.S. Attorney for the Southern District of Florida, stating that their office "cannot use Officer Romaguera as a witness or affiant in any of our cases."

18. A true and correct copy of same is attached hereto as Exhibit "A".

19. Despite the City's knowledge of Sgt. Romaguera's playing fast and loose with the truth, the City transferred Sgt. Romaguera to the Professional Compliance Unit where he conducted background investigations on potential new police officers and assisted in internal affairs investigations.

20. Then, despite the City's knowledge of Sgt. Romaguera's playing fast and loose with the truth, and despite that fact that Federal Prosecutor's office had stated that it could no longer trust Sgt. Romaguera, the City promoted Sgt. Romaguera to sergeant in or about January 2016.

21. Once promoted, Sgt. Romaguera was transferred to the operations division as a sergeant over the MGPD road patrols.

## The Transport

22. On Monday, July 11, 2016, at or about 11:00 p.m., a call came into MGPD about a woman running through traffic near 2035 N.W. 183rd Street, in Miami Gardens.

23. MGPD dispatch listed it as a suicide attempt and dispatched a few officers to investigate. The Computer-Aided Dispatch ("CAD") notes state that the female had just been released from a group home.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

24. Three officers, two sergeants—including Sgt. Romaguera—and one detective responded to the call.

25. The woman was in fact Ms. Doe, a 23-year old recent Haitian immigrant, who did not speak any English.

26. Sgt. Romaguera and Officer Sanchez made contact with the group home manager who gave them Ms. Doe's description and told them what had happened and suggested that Ms. Doe may need to be involuntarily confined pursuant to The Florida Mental Health Act of 1971 (Fla. Stat. 394.451-394.47891), commonly known as the "Baker Act."

27. The officers then set out to find Ms. Doe.

28. Officer Seary found Ms. Doe walking in the middle of the street. Officer Clervil, who spoke Creole, was brought to the scene to translate.

29. The officers determined that Ms. Doe did not meet the criteria to be "Baker-Acted" and that she had been walking back to her home in Miramar, Florida, where she believed she would be safe and cared for.

30. In violation of several MGPD policies and procedures, Sgt. Romaguera informed the other officers that he would transport Ms. Doe alone in his police cruiser to the residence she was walking to.

**The Hotel**

31. Sgt. Romaguera reported via CAD that he was taking Ms. Doe to her residence on Ficus Drive in Miramar.

32. However, the owner of the property on Ficus Drive said no police officers showed up that night or any other night with Ms. Doe.

33. Instead, Sgt. Romaguera took Ms. Doe in his police cruiser to the Stadium Hotel in

5 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

Miami Gardens, and paid for a private room for two nights, using his personal credit card—even receiving a discount for being a local police officer.

34. According to the hotel surveillance cameras, Sgt. Romaguera arrived at the hotel on July 12, 2016, at approximately 1:08 a.m., and informed the hotel clerk that Ms. Doe was a victim of domestic violence and had no place to go. Sgt. Romaguera then told the clerk that "no one can know she's here." He then stated that "he feels bad for this girl" and is "paying for it out of his own pocket."

35. Sgt. Romaguera then explained to the hotel clerk that Ms. Doe had recently arrived from Haiti and that "her husband beats the s**t out of her" and that she "can't go back to the house."

36. Of course, Ms. Doe was not married and was not the victim of any domestic violence.

37. At the time Sgt. Romaguera purchased the private room, he was wearing his full police uniform issued by MGPD, including his department-issued weapons.

38. Sgt. Romaguera then went to the car to retrieve Ms. Doe and held her hand as they walked into the hotel lobby. They can both be seen entering the hotel at 1:17 a.m.

39. Sgt. Romaguera and Ms. Doe can be seen entering the hotel room at 1:23 a.m. on July 12, 2016.

### The Sexual Assault

40. Once they got up the private room, Sgt. Romaguera told Ms. Doe that she was beautiful, that he liked her, and that he got them a room at "his" hotel. Sgt. Romaguera then began fondling Ms. Doe, attempted to kiss her, and said he would not leave the room until they finished.

41. Sgt. Romaguera attempted to engage in sexual intercourse with Ms. Doe and began

6 | P a g e

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

fondling her breasts and continuously attempting to kiss her. Ms. Doe screamed out "No, don't touch my breasts, don't touch! No! Don't touch me!" When she began to cry, Sgt. Romaguera apparently became concerned someone may hear her screams and backed off.

42. Sgt. Romaguera instructed Ms. Doe to remain in the room and on the bed until he returned the next day and then left the room.

43. Sgt. Romaguera exited the room at 1:33 a.m., 10 minutes after entering. Sgt. Romaguera can then be seen on hotel surveillance footage nervously pacing the hallway while waiting for the elevator.

44. Sgt. Romaguera left Ms. Doe without food, water, or her medication.

45. Ms. Doe then just stayed on the bed, traumatized. She did not shower. She did not eat. She just stayed on the bed, as instructed to by a law enforcement officer.

46. That evening, at or about 9:59 p.m., Sgt. Romaguera returned to the hotel, went up to Ms. Doe's room and without knocking or permission to enter, inserted his key in the door and tried opening it. After a few unsuccessful attempts, Sgt. Romaguera finally knocked on the door.

47. At or about 10:22 p.m., Sgt. Romaguera returned to the room, after obtaining a new key from the front desk—this time with Officer Bernard.

48. The two of them entered Ms. Doe's room at 10:26 p.m. Just before entering the hotel room, Officer Bernard can be seen putting on his gloves.

49. Sgt. Romaguera and Officer Bernard exit Ms. Doe's hotel room at 10:48 p.m., more than 22 minutes later.

50. Despite the overwhelming video, audio, paper, and testimonial evidence, Sgt. Romaguera remained on regular duty until October 2016, and even then, he was only relieved of supervisory duty until January 2017.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

## COUNT I
## Fourth Amendment - 42 U.S.C. §1983
**(Defendant Sgt. Romaguera)**

51. Plaintiff hereby incorporates paragraphs 1 through 50 as if fully set forth herein.

52. At all times material hereto, Ms. Doe maintained the right to be free from unlawful imprisonment and assault, protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

53. On July 12, 2016, Defendant, Sgt. Romaguera, unlawfully detained and deprived Ms. Doe of her liberty, against her will and without legal authority to do so.

54. On July 12, 2016, Defendant, Sgt. Romaguera, intended to cause, and did cause, offensive contact and unconsented touching of the body of Ms. Doe, while acting under the color of law.

55. Sgt. Romaguera's acts violated Ms. Doe's clearly established Fourth Amendment rights, and every reasonable police officer would have understood that what he did violated those rights.

56. As a direct and proximate result of the Sgt. Romaguera's, false imprisonment, assault, and sexual battery Ms. Doe has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE** Plaintiff, Ms. Doe, seeks entry of final judgment against Defendant, Sgt. Romaguera, for compensatory and punitive damages, as well as, costs, and attorney fees and such other relief that the Court deems just and proper.

## COUNT II
## Assault and Battery –State Tort
**(Defendant Sgt. Romaguera)**

57. Plaintiff hereby incorporates paragraphs 1 through 50 as if fully set forth herein.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

9 | P a g e

58. On July 12, 2016, Defendant, Sgt. Romaguera, intended to cause, and did cause, offensive contact and unconsented touching of the body of Ms. Doe.

59. During the course of committing the battery against Ms. Doe, an assault was also consummated.

60. Sgt. Romaguera's unwelcome physical contact created an apprehension of imminent physical or bodily harm. Sgt. Romaguera's intended to and created physical contact and the apprehension of unwelcome physical contact and bodily harm with Ms. Doe.

61. Sgt. Romaguera had physical contact with Ms. Doe during his sexual assault of her.

62. All of Sgt. Romaguera's physical contact with Ms. Doe in the hotel room was harmful and offensive to Ms. Doe.

63. Sgt. Romaguera acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Ms. Doe's rights or safety.

64. As a direct and proximate result of the Sgt. Romaguera's assault and sexual battery, Ms. Doe has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE** Plaintiff, Ms. Doe, seeks entry of final judgment against Defendant, Sgt. Romaguera, for compensatory and punitive damages, as well as, costs, and such other relief that the Court deems just and proper.

### COUNT III
### False Imprisonment –State Tort
### (Defendant Sgt. Romaguera)

65. Plaintiff hereby incorporates paragraphs 1 through 50 as if fully set forth herein.

66. On or about July 12, 2016, Sgt. Romaguera unlawfully detained and deprived Ms. Doe of her liberty, against her will and without legal authority to do so. Sgt. Romaguera's actions

9 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

of intentionally restraining Ms. Doe were unreasonable, unwarranted, without probable cause and without legal authority.

67. As a direct and proximate result of the Sgt. Romaguera's false imprisonment, Ms. Doe has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE** Plaintiff, Ms. Doe, seeks entry of final judgment against Defendant, Sgt. Romaguera, for compensatory and punitive damages, as well as, costs, and attorney fees and such other relief that the Court deems just and proper.

## COUNT IV
### Claim Pursuant to *Fla. Stat. 768.28*
**(Defendant The City of Miami Gardens)**

68. Plaintiff hereby incorporates paragraphs 1 through 50 as if fully set forth herein.

69. On or about July 12, 2016, Sgt. Romaguera acting in the course and scope of his employment as a police officer for the City, and without malice, bad faith or wanton or willful disregard for the safety of well-being transported Ms. Doe to a hotel room, and confined her therein.

70. The City of Miami Gardens was negligent in retaining, training, and promoting Romaguera to the position of Sergeant.

71. The April 13, 2015, *Giglio* Letter states that Officer Javier Romaguera cannot be used as a witness of affiant in any federal investigation. *See Exhibit "A"*.

72. Even more egregiously, the City transferred Sgt. Romaguera to the Internal Affairs Division to conduct background investigations on potential officers, despite his untruthfulness and lying under oath during the course of an investigation of his actions taken when apprehending a suspected shoplifter, while working an off-duty detail.

10 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

73. As a direct and proximate result of The City's negligent training, retention, and promotion of Sgt. Romaguera, Ms. Doe was subjected to, and continues to suffer, severe physical and psychological trauma, emotional harm, and permanent disability, as a result of the July 12, 2016, sexual assault.

**WHEREFORE**, Plaintiff, Ms. Doe, requests this Court enter judgment against Defendant The City of Miami Gardens and further, for compensatory damages, pain and suffering, lost wages, costs, post-judgment interest, out-of-pocket expenses, medical expenses, and all such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ms. Doe, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
Rodal Law, P.A.
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 900-1208
E-mail: Chezky@Rodallaw.com

PHILLIP A. ORTIZ, ESQ.
Florida Bar Number: 98049
THE FIRM LAW GROUP
14100 Palmetto Frontage Road
Suite 390
Miami Lakes, FL 33016
Telephone: (305) 693-8899
Facsimile: (305) 675-0175
Email: Phillip@firmlawgroup.com

*Counsel for Plaintiff*

11 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com